Filed 4/22/16  P. v. Palomares CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALFONSO CHAVEZ PALOMARES,<br><br>    Defendant and Appellant. | B264043<br><br>(Los Angeles County<br>Super. Ct. No. BA419228) |


APPEAL from an order of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Alfonso Chavez Palomares appeals from an order denying his petition for resentencing pursuant to Proposition 47 (as approved by voters, Gen. Elec. (Nov. 4, 2014)). Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## BACKGROUND

Appellant was convicted of burglary (Pen. Code, § 459) for stealing a power tool from a Los Angeles Metropolitan Transit Authority bus yard on December 7, 2013. He was sentenced to four years in state prison—two years for the burglary and two years for a prior conviction. On March 13, 2015, he filed a petition pursuant to Penal Code section 1170.18, subdivision (a), added by Proposition 47, to reduce his conviction to a misdemeanor. The trial court denied the petition because appellant had not served it on the district attorney and his conviction did not qualify for resentencing. On May 4, 2015, appellant filed an "ex parte request for modification of sentence pursuant to Prop 47," which was construed as a timely notice of appeal. (Capitalization omitted.)

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On December 14, 2015, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*.

2

(*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The order is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.